Filed 3/22/22  P. v. Sisneros CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT SISNEROS,<br><br>Defendant and Appellant. | C089647<br><br>(Super. Ct. Nos.<br>STK-CR-FE-2002-0009102,<br>SF086673B)<br><br>OPINION ON TRANSFER |

This appeal lies from the trial court's denial of defendant Robert Sisneros's petition for resentencing under Penal Code section 1170.95.[1]  On appeal, defendant asserted that his 2004 conviction for attempted murder should have been eligible for relief under section 1170.95 and that failing to extend the statute's coverage to individuals convicted of attempted murder would violate equal protection.  We previously filed an opinion affirming the court's denial of his petition.  Thereafter, the Supreme Court granted review and transferred the matter back to us with directions to

---

[1]  Undesignated statutory references are to the Penal Code.

1

vacate the decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (Senate Bill 775), which expanded section 1170.95 to provide a procedural mechanism for those convicted of attempted murder under the natural and probable consequences doctrine to seek resentencing.

We vacated our decision and defendant filed a supplemental brief following the transfer. (See Cal. Rules of Court, rule 8.200(b).) The Attorney General declined to file a supplemental brief. Upon reconsidering the cause in light of Senate Bill 775, we agree with defendant that the trial court erred by summarily denying his petition under section 1170.95, as amended by Senate Bill 775. We reverse the order and remand for the trial court to consider the petition as to defendant's attempted murder conviction under the current version of section 1170.95.

BACKGROUND

On August 8, 2003, the People filed an amended information charging defendant in count 1 with murder (§ 187) and in count 2 with participation in a criminal street gang (§ 186.22, subds. (a) & (e)(1)). In conjunction with count 1, it was further alleged as special circumstances that defendant committed murder while lying in wait (§ 190.2, subd. (a)(15)) and to further the activities of a criminal street gang (§ 190.2, subd. (a)(22)). It also was alleged that defendant personally and intentionally discharged a firearm to proximately cause great bodily injury and death (§ 12022.53, subd. (d)) and committed the crime to promote criminal activity by street gang members (§ 186.22, subd. (b)(1)).

On April 21, 2004, pursuant to a plea agreement, the prosecution revised the information, amending count 1 to allege *attempted* murder (§§ 664, subds (a) & (f), 187), amending count 1 to include a firearm enhancement (§ 12022, subd. (a)(1)), and adding a charge of second degree robbery (§ 211; count 3). That same day, defendant pleaded guilty to amended counts 1 and 3, as well as unamended count 2. He also admitted

2

sentencing enhancements pursuant to sections 186.22, subdivision (b)(1), and 12022, subdivision (a)(1).

At the May 3, 2004 sentencing hearing, the trial court imposed an aggregate prison sentence of 20 years.

In March 2019, defendant filed a petition for resentencing under section 1170.95. In his petition, defendant declared that he pleaded "guilty or no contest to 1st or 2nd degree murder in lieu of going to trial" on murder charges pursuant to the felony-murder rule or the natural and probable consequences doctrine, he "was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine," and he "could not now be convicted of murder" because of changes to section 188. The trial court denied the petition on the ground that defendant had not made a prima facie showing of relief because he had pleaded "guilty in a negotiated plea to charges that are not applicable to [] § 1170.95."

Defendant timely appealed. At that time, the Courts of Appeal were split on whether section 1170.95 applied to attempted murder convictions. We affirmed the order denying the petition because we interpreted the text of then-existing section 1170.95 to authorize relief for defendants convicted of murder, but not attempted murder. (*People v. Sisneros* (Mar. 29, 2021, C089647) [nonpub. opn.]). Defendant petitioned the Supreme Court for review. The Supreme Court granted review, transferred the matter back to this court, and directed us to vacate our prior decision and reconsider the matter in light of Senate Bill 775. (Stats. 2021, ch. 551.)

## DISCUSSION

In supplemental briefing, defendant contends that this case must be remanded for resentencing in light of the amended version of section 1170.95. The Attorney General declined to file a supplemental brief. We agree with defendant.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . .

3

to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill 1437 achieved these goals by amending sections 188 and 189, statutes pertaining to the crime of murder. The bill amended section 188 to provide: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now provides that a participant in the perpetration or attempted perpetration of a felony specified in subdivision (a) in which death occurs is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.) The legislation also added section 1170.95, which provided a mechanism for defendants "convicted of felony murder or murder under a natural and probable consequences theory" (§ 1170.95, former subd. (a); Stats. 2018, ch. 1015, § 4) to file a petition in the sentencing court to have a murder conviction vacated and to be resentenced.

Here, the complaint, information, amended complaint, and amended information all charged defendant with murder. Following the preliminary hearing, the court expressly found that the prosecution could proceed under a natural and probable consequences theory. Defendant was convicted of attempted murder. He also "accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder. . . ." (§ 1170.95, subd. (a)(2).) Defendant stood charged with first degree

4

murder until he entered his plea. Thus, under the amended version of section 1170.95, defendant may now be able to establish a prima facie showing of eligibility as to his attempted murder conviction. (See § 1170.95, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated and to be resentenced on any remaining counts"].)

Because the trial court's order denying defendant's petition for resentencing had not become final prior to the time Senate Bill 775 went into effect, the ameliorative provisions in Senate Bill 775 apply. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 973; *People v. Vieira* (2005) 35 Cal.4th 264, 305.) Thus, we reverse the order denying defendant's petition and remand the matter to the trial court with directions to appoint counsel for defendant, if requested, and proceed in accordance with section 1170.95, subdivision (c). (See *People v. Lewis* (2021) 11 Cal.5th 952, 957, 962.)

DISPOSITION

The postjudgment order denying defendant's section 1170.95 petition is reversed. The matter is remanded to the trial court to appoint counsel for defendant, if requested, and hold proceedings in accordance with section 1170.95, subdivision (c).

                                                           KRAUSE        , J.

We concur:

       MAURO       , Acting P. J.

       RENNER      , J.